# THE HARMAN FIRM, LLP
Attorneys & Counselors At Law
www.theharmanfirm.com

Walker G. Harman, Jr.
140 Broadway, Floor 46
New York, New York 10005
T: 646.248.2288 F: 212.202.3926
E: wharman@theharmanfirm.com

March 13, 2024

Via ECF

Hon. Stewart D. Aaron
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 03/16/2024
```

Re: 1:23-cv-03072-RA, REHANA CALE / MOUNT SINAI BUSINESS HEALTH and CHARLES PSARREAS

Dear Judge Aaron:

    We write with respect to Your Honor's directive that the parties complete discovery in an expedited, cooperative manner. The parties have engaged in a good faith exchange of documents and deficiency letters and have largely completed paper discovery.

    Plaintiff Cale was deposed on February 1, 2024. Plaintiff intended to depose Defendant Psarreas on Tuesday, March 19, 2024. On February 29, 2024, Plaintiff's counsel emailed Defendants' counsel and inquired as to a deposition location as Plaintiff was amenable to having Defendant Psarreas' deposition at either counsel's office. On March 11, 2024, Defendants' counsel responded to that email that the deposition "should be taken remotely." Plaintiff's counsel responded that day that "[w]e intend to take all our depositions in person. Our notice calls for them to be in person." Defendant's counsel then responded "Then we will need the Court to decide whether the depositions will be taken in person or remotely." Plaintiff's counsel then asked for Defendant to share any legal authority to support the position, to which none was received.

## THE HARMAN FIRM, LLP
Attorneys & Counselors At Law
www.theharmanfirm.com

Walker G. Harman, Jr.
140 Broadway, Floor 46
New York, New York 10005
T: 646.248.2288 F: 212.202.3926
E: wharman@theharmanfirm.com

The next day, March 12, 2024, Plaintiff's counsel asked whether Defendants' counsel wished to confer any more on the topic and asked Defendants' counsel to respond by "COB tomorrow."  Defendants' counsel Rory McEvoy responded that Brittany Buccalleto, one of the attorneys of record, would be heavily inconvenienced if asked to attend the deposition in person and that neither of Defendants' counsel have attended a deposition in person in four years.  Mr. McEvoy did not state why he could not attend a deposition in person.  Plaintiff has no opposition to Defendants' counsel appearing virtually. At issue here, Defendants claim that because they are employees who are involved in managing hospital facilities, they cannot appear for a deposition in person.  This is simply illogical.  Whether remote or in person, Defendants will be required to be absent from their work duties.

This is not Defendants' first attempt to derail the proceedings.  Defendants did the same run around in late December and early January, when Defendants refused to be deposed.  Defendants refusal then culminated in the extension of multiple deadlines.  Now, again, Plaintiff seeks an extension of discovery.  Discovery closes on April 2, 2024.  To no fault of her own, it seems Plaintiff will not be able to depose Defendants by that deadline.

Given the urgency of the matter, Plaintiff is forced to make this short letter motion. Plaintiff asks that the Court so order that i) all depositions of Defendants' employees proceed in person, ii) Defendant Psarreas deposition proceed by a date certain in May 2024 or be waived, and iii) that this Court extend the deadline for completion of discovery through May 2024 and any other necessary extensions of time.

# THE HARMAN FIRM, LLP
Attorneys & Counselors At Law
www.theharmanfirm.com

Walker G. Harman, Jr.
140 Broadway, Floor 46
New York, New York 10005
T: 646.248.2288 F: 212.202.3926
E: wharman@theharmanfirm.com

Respectfully submitted,

*/s/ Walker G. Harman, Jr.*

Walker G. Harman, Jr.
THE HARMAN FIRM, LLP
Attorneys for Plaintiff
140 Broadway, Floor 46
New York, New York 10005
646.248.2288
wharman@theharmanfirm.com

Plaintiff's Letter Motion is GRANTED IN PART and DENIED IN PART.

Rule 30(b)(4) of the Federal Rules of Civil Procedure provides that "[t]he parties may stipulate—or the court may on motion order—that a deposition be taken by telephone or other remote means." Fed. R. Civ. P. 30(b)(4). "Since Rule 30(b)(4) does not specify the standards to be considered in determining whether to grant a request [for a remote] deposition . . . the decision to grant or deny such an application is left to the discretion of the Court, which must balance claims of prejudice and those of hardship . . . and conduct a careful weighing of the relevant facts." *Rouviere v. DePuy Orthopaedics, Inc.*, 471 F. Supp. 3d 571, 574 (S.D.N.Y. 2020) (citing *RP Family, Inc. v. Commonwealth Land Title Ins. Co.*, No. 10-CV-01149 (DLI) (CLP), 2011 WL 6020154, at *3 (E.D.N.Y. Nov. 30, 2011)) (internal quotation marks omitted).

Having reviewed the parties' submissions filed at ECF Nos. 40 and 41, the Court, in its discretion, hereby ORDERS that the depositions of Charles Psarreas and Thomas Spina shall proceed in person. In order to accommodate defense counsel's need for a private space during the depositions, the foregoing depositions shall be held (at Defendants' option) at (1) the offices of defense counsel, (2) the location(s) where Messrs. Psarreas and Spina are employed, or (3) another convenient location in Manhattan (provided, however, that if there are any expenses associated with holding the deposition at such other location, such expenses shall be borne by Defendants).

Because good cause has not been shown for an extension of the discovery deadline, Plaintiff's request for an extension is DENIED.

SO ORDERED.   */s/ Stewart D. Aaron*

Dated: 03/16/2024